UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00713-FDW-DCK

| | |
|---|---|
| SHERRY DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| WILORA LAKE HEALTHCARE LLC ) | |
| d/b/a WILORA LAKE HEALTHCARE ) | |
| CENTER & LV CHC HOLDINGS I, LLC ) | |
| d/b/a CONSULATE HEALTH CARE ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants' Motion to Stay and Compel Arbitration (Doc. No. 3). Plaintiff filed a response (Doc. No. 7) stating her position opposing Defendants Motion (Doc. No. 3). Having carefully considered the motion, memoranda, and the record in this case, the Court GRANTS Defendants' Motion.

**I. BACKGROUND**

On December 8, 2017, Plaintiff filed this action alleging claims under Title VII of the Civil Rights Act of 1964, Section 1981, and wrongful discharge in violation of public policy arising from the termination of her employment with Defendant, Wilora Lake Healthcare, LLC. (Doc. No. 1).

On January 12, 2018, Defendants filed their Motion to Stay and Compel Arbitration, citing an "Employment Agreement," executed by Plaintiff on January 15, 2016. (Doc. No. 4, p. 2). The Employment Agreement includes an arbitration clause that states, in pertinent part:

1

> Arbitration; Other Disputes. In the event of any dispute or controversy arising under or in connection with this Agreement or arising under or in conjunction with Sherry Dixon's employment, including but not limited to those arising under any federal, state or local anti-discrimination statue, the parties hall first promptly try in good faith to settle such dispute or controversy by mediation under the applicable rules of the American Arbitration Association before resorting to arbitration. In the event such dispute or controversy remains unresolved in whole or in part for a period of thirty (30) days after it arises, the parties will settle any remaining dispute or controversy exclusively by arbitration to be held in Orange County, Florida, in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect. Judgment may be entered on the arbitrator's award in any court having jurisdiction. All administration fees and arbitration fees shall be paid solely by The Company, Notwithstanding the above, this Paragraph does not apply to or cover claims for workers' compensation benefits or compensation; claims for unemployment compensation benefits; and claims by the company for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information and/or breach of any confidential information, non-compete, and/or non-solicitation agreement. The prevailing party may recover reasonable attorneys' fees and such cost in any dispute or controversy arising under or in connection with this Agreement.

(Doc. No. 3-1, p. 3).

## II. STANDARD OF REVIEW

The Federal Arbitration Act, which governs the enforcement of arbitration agreements, "reflects a liberal federal policy favoring arbitration agreements." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). Ambiguities regarding the scope of an arbitration clause are resolved in favor of arbitration. See id. According to Adkins,

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

Id. at 499-501.

In order to compel arbitration, "the court must first find that an arbitration agreement exists between the parties." Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). If so, "the court must then decide whether the dispute at issue falls within the scope of the agreement." Id. In determining the validity of the agreement, courts apply state contract law. See id.; Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686 (1996). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983). Because federal policy strongly favors arbitration, the burden lies with the party opposing arbitration to demonstrate why arbitration should not be ordered. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 227 (1987).

### III. ANALYSIS

Here, Plaintiff primarily argues Defendant's motion to stay and compel arbitration should be denied because (1) Defendants materially breached and waived Paragraph 4(f) of the Employee Agreement by "hiding and flouting" the agreement until Plaintiff's Title VII statute of limitation expired, and (2) the arbitration agreement imposes an unreasonable and inconvenient venue that will effectively bar Plaintiff from presenting the evidence she needs to prove her case. (Doc. No. 7, p. 1). For the following reasons, the Court finds Plaintiff's arguments unpersuasive.

**A. Scope of Arbitration Clause**

As an initial matter, the Court determines Plaintiff's claims fall within the scope of the arbitration agreement. The arbitration clause expressly covers any dispute or controversy arising from Plaintiff's employment relationship, including those arising under any federal anti-

3

discrimination discrimination statute. As Plaintiff makes no argument to the contrary, the Court is satisfied that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, Section 1981, and wrongful discharge in violation of public policy fall within the scope of the Employment Agreement's arbitration clause.

**B. Rescission**

Plaintiff first argues Defendants breached the Employment Agreement's arbitration provision by allegedly rejecting Plaintiff's attempts at negotiation and mediation over the preceding two years. (Doc. No. 7, p. 2). Plaintiff contends pursuant to the Employment Agreement, Defendants were obligated to "try in good faith" to settle a dispute by mediation before resorting to arbitration. Id. at 4. Defendants have allegedly breached a material condition precedent of the Employment Agreement by failing to so negotiate, and thus Plaintiff argues she is entitled to rescission of the arbitration agreement. Id. at 5. The Court disagrees.

The material breach of a duty warranting rescission is an issue of substantive arbitrability and thus is reviewable before arbitration. Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 941 (4th Cir. 1999) (citing Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 881-82 (4th Cir.1996)). Generally, "rescission will not be granted for a minor or casual breach of a contract, but only for those breaches which defeat the object of the contracting parties." Hooters, 173 F.3d at 940 (quoting Rogers v. Salisbury Brick Corp., 299 S.C. 141, 382 S.E.2d 915, 917 (1989)). The Court is not convinced Defendant's alleged failure to negotiate warrants rescission. Plaintiff points to only one case where rescission of an arbitration agreement was deemed appropriate. See Hooters, 173 F.3d at 938. In Hooters, the Fourth Circuit determined that rescission was appropriate where the plaintiff materially breached the arbitration agreement by promulgating rules so

4

"egregiously unfair as to constitute a complete default of its contractual obligation to draft arbitration rules and to do so in good faith." Id. Such is not the case here; rather the parties' dispute in this case involves a procedural precondition.

The question of whether the parties have satisfied any procedural preconditions to arbitration is a matter appropriately decided by an arbitrator. John Wiley & Sons, Inc., 376 U.S. 543, 557–59 ("[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator")). The First Circuit's analysis in a similar matter is instructive here. See Dialysis Access Center, LLC v. RMS Lifeline, Inc., 638 F.3d 367 (1st Cir.2011). In Dialysis, the parties entered into a valid arbitration agreement which stated in pertinent part, "[The parties] shall use good faith negotiation to resolve any dispute that may arise under this Agreement[.] In the event [the parties] cannot reach agreement on any issue, such issue will be settled by binding arbitration[.]" Id. at 371. There, the plaintiff also contended that the claims could not be submitted to arbitration because the defendant allegedly did not comply with the supposed pre-condition that the parties engage in good faith negotiations prior to arbitration. Id. at 383. The First Circuit determined the dispute as to whether the parties complied with the arbitration agreement's alleged good faith negotiations pre-requisite to arbitration was an issue for the arbitrator to resolve. Id. The Court finds such analysis persuasive here and determines Defendants' alleged failure to try in good faith to resolve the dispute is a procedural question that rightly should be decided by an arbitrator.

**C. Waiver**

Next, Plaintiff argues Defendants waived the arbitration agreement by hiding the existence of the arbitration agreement and "lying in wait" until after Plaintiff's statute of limitations expired in an effort to restrict Plaintiff's ability to choose the best forum to pursue her claims. (Doc. No. 7, p. 7-8). Because Plaintiff knew of the arbitration agreement, as evidenced by her voluntary execution of the Employment Agreement, and because Defendants' promptly moved to invoke the arbitration clause shortly after the advent of this action, the Court finds Plaintiff's argument unavailing.

"The party opposing the stay bears the heavy burden of proving waiver." Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 95 (4th Cir. 1996) (citing Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990)). In order to waive its right to insist on arbitration, a party must "so substantially utiliz[e] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001). Such is not the case here. Here, Plaintiff filed her claim, and in their first response Defendants filed their motion to stay and compel arbitration. The Court finds Defendants' prompt filing of this motion does not prejudice the Plaintiff, and thus Defendants have not waived their right to request arbitration.

**D. Unconscionability**

Next, Plaintiff argues enforcing the arbitration agreement would prevent her from vindicating her federal statutory rights. (Doc. No. 7, p. 8). Plaintiff contends she would be forced to arbitrate in Florida, per the terms of the arbitration agreement, thereby imposing upon her significant costs rendering the agreement unconscionably inconvenient. Id. at 8-11.

Where a party "seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92 (2000)). Here, under the arbitration agreement, Defendants are responsible for all administration fees and arbitration fees. (Doc. No. 3-1, p. 3). Furthermore, the clause provides that the prevailing party may recover reasonable attorneys' fees and costs. Id. Despite costs for travel, food, lodgings, and video depositions, which Plaintiff states it would not need if proceedings were held in North Carolina (Doc. No. 7, p. 9), Plaintiff's unconscionability argument does not factor in the above. Additionally, pursuant to the Commercial Arbitration Rules of the American Arbitration Association, which govern this agreement, the location of the arbitration may be changed upon determination by the arbitrator. See AAA Commercial Arbitration Rule R-11. Accordingly, the Court finds Plaintiffs arguments unavailing.

Additionally, Plaintiff cites N.C. Gen. Stat. § 22B–3, which provides in pertinent part: "[A]ny provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." Plaintiff's reliance on section 22B-3 is misplaced, however, as the FAA preempts section 22B-3. Aspen Spa Properties, LLC v. Int'l Design Concepts, LLC, 527 F. Supp. 2d 469, 473 (E.D.N.C. 2007) (citing Newman ex rel. Wallace v. First Atl. Res. Corp., 170 F.Supp.2d 585, 593 (M.D.N.C.2001) ("[N.C. Gen. Stat] § 22B–3 is preempted by the FAA...."); Goldstein v. Am. Steel Span, Inc., 640 S.E.2d at 743 ("[T]he FAA preempts North Carolina's statute and public policy regarding forum selection....")). Thus, there are no state-law grounds for revoking the arbitration agreement's forum selection clause.

7

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. No. 3) is GRANTED. The parties are ORDERED to proceed to arbitration and submit reports to the Court every ninety (90) days. The dispute must be resolved within twelve (12) months from the date of this Order. Failure to do so will result in Court Action.

IT IS SO ORDERED.

Signed: February 8, 2018

Frank D. Whitney
Chief United States District Judge